**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| THE MALULANI GROUP, LIMITED, AND SUBSIDIARY,<br><br>    Petitioner-Appellant,<br><br>v.<br><br>COMMISSIONER OF INTERNAL REVENUE,<br><br>    Respondent-Appellee. | No. 16-73959<br><br>Tax Ct. No. 18128-12<br><br>MEMORANDUM[*] |

Appeal from a Decision of the
United States Tax Court

Argued and Submitted October 9, 2018
Honolulu, Hawaii

Before:  WARDLAW, BERZON, and RAWLINSON, Circuit Judges.

The Malulani Group, Ltd. and Subsidiary (Malulani) appeal the decision

from the U.S. Tax Court (Tax Court) holding that a 2007 real estate exchange did

not qualify for nonrecognition under 26 U.S.C. § 1031 (§ 1031).

_____

  [*]  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

"We review the Tax Court's conclusions of law and interpretations of the tax code *de novo*." *Teruya Bros., Ltd. v. Comm'r*, 580 F.3d 1038, 1043 (9th Cir. 2009) (citation omitted).

Generally, a taxpayer must pay taxes on gain realized on the sale or exchange of property. *See* 26 C.F.R. § 1.1002-1(a). Section 1031 is an exception to this rule and is strictly construed. *See* 26 C.F.R. § 1.1002-1(b); *see also Teruya Bros.*, 580 F.3d at 1043. Under § 1031(f)(1), a party may benefit from nonrecognition of the gain from an exchange of like-kind property with a related party if the related party holds the property for at least 2 years after the last transfer. *See* 26 U.S.C. § 1031(f)(1). However, any transaction or series of transactions "structured to avoid the purposes" of § 1031(f) is ineligible for nonrecognition. 26 U.S.C. § 1031(f)(4).

Malulani and Malulani Investments, Ltd. (MIL) are related entities. Through a qualified intermediary, a Malulani wholly-owned subsidiary sold real estate (the Maryland Property) to an unrelated third party and replaced it with real estate owned by MIL (the Hawaii Property). The aggregate tax liability arising out of the exchange was significantly less than the hypothetical tax that would have arisen from a direct sale between the related parties.

The outcome of this case is controlled by *Teruya Bros.* That case also involved a like-kind exchange of real property between related entities and reliance on § 1031 to defer recognition of the gain realized from the exchange. *See* 580 F.3d at 1040-41. After the Internal Revenue Service (IRS) issued a notice of deficiency, Teruya Bros. appealed to the Tax Court. *See id.* at 1042. The Tax Court affirmed the IRS's determination that the like-kind exchange between the related entities did not qualify for nonrecognition. *See id.* We affirmed the Tax Court decision, explaining that the exchange was structured for "tax avoidance purposes" because Teruya Bros. and its related entity "achieved far more advantageous tax consequences by employing [a qualified intermediary to conduct the like-kind exchanges] than it would have had Teruya simply sold its properties to the third-party buyers itself." *Id.* at 1047 (footnote reference omitted).

The same is true in this case. Rather than engaging in the intricate like-kind exchanges that achieved favorable tax consequences for Malulani and MIL, Malulani could have simply consummated the sales itself. Had it done so, Malulani would have had to recognize a $1,888,040 gain. *See id.* Because the aggregate tax liability arising out of the exchange was significantly less than the hypothetical tax liability that would have arisen from a direct sale between the

3

related parties, the like-kind exchange served tax-avoidance purposes.  Therefore,

Malulani was not entitled to nonrecognition of gain under § 1031.

We also agree with the Tax Court that any argument regarding MIL's use of

net operating losses to offset the gain realized was speculative.  *See The Malulani*

*Group Ltd. and Subsidiary v. Comm'r*, T.C. Memo. 2016-209, 14 n.6 (November

16, 2016).

**AFFIRMED.**

4